IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. 3:15-cr-05011-MDH-1 |
| JERRY BATCHELOR, | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's Motion to Revoke Detention Order (Doc. 18). On May 5, 2015, Magistrate Judge Rush ordered Defendant to be detained pending trial pursuant to 18 U.S.C. § 3142. Defendant now moves to revoke Judge Rush's pretrial detention order pursuant to 18 U.S.C. § 3145(b). Such a motion requires de novo review and must be determined "promptly." 18 U.S.C. § 3145(b); *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985); *United States v. Bailey*, 750 F. Supp. 413, 414 (W.D. Mo. 1990). Upon careful consideration, the Court hereby **DENIES** Defendant's motion.

## BACKGROUND

The Indictment in this case charges Defendant with receipt and distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2). After Defendant's initial appearance, the Government moved for a detention hearing pursuant to 18 U.S.C. § 3142(f), arguing clear and convincing evidence shows there are no conditions that the Court could place upon Defendant that would reasonably assure the Defendant's appearance in court and the safety of the community.

The magistrate judge held a hearing on the Government's motion. At the hearing, the Government presented charging documents from the Eleventh Judicial Circuit District Court in Labette, Kansas showing Defendant was charged in 1995 with eight counts of eavesdropping under a peeping tom statute. Those charges arose from Defendant videotaping adult women surreptitiously in his home while they dressed or undressed. Defendant completed a diversionary program related to those charges. The Government further presented the testimony of Detective Tim Williams, who testified that the computer and external hard drive seized from Defendant's home under the current search warrant contained a significant number of video and images containing child pornography, as well as multiple homemade videos taken from a hidden camera in Defendant's upstairs bathroom. Detective Williams testified that all persons caught on the homemade videos were at least 18 years old, but he noted that "children . . . have been in the house according to people that we have followed up with." No other evidence was presented at the hearing.

The Government argued pretrial detention is proper in this case because Defendant is charged with an offense involving a minor victim, which creates a presumption that there are no conditions or combination thereof that will reasonably assure the appearance of Defendant as required and the safety of the community. The Government noted that Defendant is charged with both receipt and distribution of a significant number of images of child pornography, some of which depict children under the age of five engaged in sexually explicit conduct. According to the Government, Defendant is a member of an organization called Biker's Against Child Abuse, which affords him contact with children who have been sexually victimized. The Government argued this is "beyond your run-of-the-mill child porn case" based on Defendant's prior criminal charges in Kansas, his opportunity to participate in a diversion program including

sex offender training, and his recent attempt to capture unsuspecting persons in various stages of undress or using bathroom facilities. Based on the foregoing, the Government argued the presumption under 18 U.S.C. § 3142(e)(3) cannot be overcome in this case.

Defendant argued the presumption under 18 U.S.C. § 3142(e)(3) is rebutted in this case. Defendant stated he is not accused of producing child pornography, he has no criminal history other than the charges in Kansas, he completed the diversionary program which shows he can comply with conditions of the court, he has no mental health history, and he has no substance abuse issues. Defendant argued "there is nothing about this -- the alleged collection of child pornography that is out of the ordinary of other defendants who have been released on bond by this Court." He further emphasized that the Bail Reform Act favors individuals being released on bond and he asserted that he is a good candidate for bond based on family support, his ownership of property, his connection to the community, his work history, the fact that there are no minors living in his home, the fact that he has never failed to appear in court, his attitude regarding the proposed conditions of release, and the recommendation of the probation office. In conclusion, Defendant argued he can succeed on bond and should be released on bond. Defendant's post-hearing motion for pretrial release argued the Government failed to show by clear and convincing evidence that there are no conditions or combinations of conditions that would protect the safety of the community if Defendant were released pending trial.

The magistrate judge rejected Defendant's arguments, found by clear and convincing evidence that Defendant is a danger to the community, and issued an order detaining Defendant without bail pending trial. Defendant has now filed a motion to review and revoke the magistrate's detention order.

## STANDARD

Under 18 U.S.C. § 3142(e), a defendant shall be detained pending trial if, after a hearing pursuant to subsection (f), "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). To determine whether such condition or combination thereof exists, courts consider available information regarding: (1) the nature of the circumstances charged, (2) the weight of the evidence against the person, (3) the history and characteristics of the person, and (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. *Id.* at § 3142(g). To justify detainment, the government must show by clear and convincing evidence that no such condition(s) will reasonably assure the safety of the community or by a preponderance of the evidence that no such conditions will reasonably assure the defendant's appearance. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

Where there is probable cause to believe the defendant committed an offense involving a minor victim under 18 U.S.C. § 2252(a)(2), there exists a rebuttable presumption that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." *Id.* at § 3142(e)(3). As the Eighth Circuit explained:

> In a presumption case such as this, a defendant bears a limited burden of production – not a burden of persuasion – to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. Once a defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the district court.

*Abad*, 350 F.3d at 797 (internal quotations and citations omitted).

4

Case 3:15-cr-05011-MDH   Document 23   Filed 05/26/15   Page 4 of 6

## ANALYSIS

Applying the facts in this case to the law presented above, the Court finds by clear and convincing evidence that there are "no condition or combination of conditions will reasonably assure . . . the safety of the community" if Defendant is released. The presumption in section 3142(e)(3) applies because there is probable cause to believe that Defendant received and distributed child pornography in violation of 18 U.S.C. § 2252(a)(2). Therefore, the Defendant bears a limited burden of production to present evidence that he does not pose a danger to the community. To rebut the presumption, Defendant argues he is not accused of producing child pornography, he has no criminal history other than the charges in Kansas, he has no mental health or substance abuse history, he has no minor children living in his home, he has family support, and he is willing to abide by the conditions of release, which include no internet access and no contact with minors.

Considering Defendant's arguments in light of the relevant factors and the presumption in child pornography cases, the Court concludes that Defendant has not sufficiently rebutted the presumption that he is a danger to the community and no conditions exist that will reasonable assure the safety of the community if he were released. The nature of Defendant's crime involves a minor child and both receipt and distribution of a "significant" number of pornographic images and videos, some of which involve children younger than five years old engaged in sexual acts. The nature of the crime weighs against Defendant's release. Defendant presented no evidence or argument to rebut the Government's position that the evidence against Defendant is overwhelming, which further weighs against Defendant's release. Moreover, the nature and seriousness of the danger posed to persons in the community if Defendant is released would be significant – the government has a duty and society has a significant interest to protect

children from sexual predators.  Finally, the history and characteristics of Defendant cut both ways.  On one hand, Defendant has a job, a home, family support, and a relatively clear criminal history.  On the other hand, Defendant has a history of surreptitiously videotaping women in various stages of undress, his wife/roommate – a person with whom he would be residing if released on bond – is aware of such actions and knowingly allowed it, minors have been present in his home, and he is a member of an organization that has contact with sexually abused children.

In light of the presumption favoring detention in child pornography cases, and considering the § 3142(g) factors cited above, the Court finds by clear and convincing evidence that there are "no condition or combination of conditions will reasonably assure . . . the safety of the community" if Defendant is released pending trial.

## DECISION

For the foregoing reasons, Defendant's motion to revoke the magistrate judge's detention order (Doc. 18) is hereby **DENIED**.  Defendant is detained without bail and shall remain in the custody of the Attorney General pending trial.

**IT IS SO ORDERED**.

Date: May 26, 2015 */s/ Douglas Harpool*
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**